UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OSCAR AGUILAR, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4708** |
| **LYLE JONES, et al.** | **SECTION: "G"(5)** |

### ORDER AND REASONS

This litigation arises out of Plaintiffs Oscar Aguilar and Cuong Nguyen's claims for damages following an alleged automobile accident in New Orleans, Louisiana. Plaintiffs originally filed this action in state court, but Defendant Lyle Jones removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] After removal of this case, Plaintiffs filed a motion to remand,[2] asserting that this Court lacks subject matter jurisdiction because the required amount in controversy has not been met. After considering the motion, the memorandum in support,[3] the memorandum in opposition,[4] the record, and the applicable law, the Court will grant the motion.

### I. Background

#### A. Factual Background

Plaintiffs allege that on or about May 7, 2012, they were traveling southbound in their car on Holiday Drive in New Orleans, Louisiana when Defendant Jones struck them.[5] According to their petition, "suddenly and without warning, Defendant Jones, who was traveling in his vehicle in the

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 10.

[3] Rec. Doc. 10-1.

[4] Rec. Doc. 14.

[5] Rec. Doc. 1-1 at ¶ 2.

same vicinity, failed to yield and struck the [P]laintiffs' vehicle."[6] After the incident, "[P]laintiffs sustained personal injuries to their entire bodies, including, but not limited to, the skeletal, musculature, and nervous systems, which is causing [Plaintiffs] to incur medical treatment, as well as causing [Plaintiffs] pain, suffering, mental anguish, aggravation, inconvenience, costs, expenses, loss of wages, and other damages."[7] Moreover, Plaintiffs allege that they "sustained property damages to [the] vehicle they were driving in which caused [P]laintiffs to incur expenses for the towing, storage, rental of another vehicle, and repairs to their vehicle."[8]

**B.    Procedural Background**

On May 8, 2013, Plaintiffs filed suit in Louisiana state court, claiming that Defendant Jones was negligent by "failing to keep a proper lookout" and failing to abide by multiple traffic laws.[9] Plaintiffs seek damages against not only Jones but Jones's insurer, Allstate Insurance Company, for "pain, suffering, mental anguish, aggravation, inconvenience, costs, expenses, loss of wages, and other damages."[10]

On June 4, 2013, one of the two Defendants in this case, Defendant Jones,[11] removed this case to federal court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[12] In his notice of removal, Jones does not aver that the amount in controversy exceeds $75,000.00, exclusive of

---

[6] *Id.*

[7] *Id.* at ¶ 5.

[8] *Id.* at ¶ 6.

[9] *Id.* at ¶ 3.

[10] *Id.* at ¶ 5.

[11] Although Defendant Allstate Insurance Company was named in Plaintiffs' state court petition, that Defendant did not join Defendant Jones in removing the matter to federal court. *See* Rec. Docs. 1 and 1-1.

[12] Rec. Doc. 1.

2

interest and costs. On November 8, 2013, Plaintiffs filed a motion to remand to state court.[13] On November 26, 2013, Defendants Lyle Jones and Allstate Insurance Company filed a joint memorandum in opposition to Plaintiffs' motion to remand.[14]

## II. Parties' Arguments

### A. Plaintiffs' Motion to Remand

In their motion to remand, Plaintiffs argue that Jones failed to allege that the amount in controversy exceeds $75,000 in his notice of removal.[15] As a result, Plaintiffs ask the Court "to remand this action to state court pursuant to 28 U.S.C. Section 1447 on the ground that this Honorable Court lacks subject matter jurisdiction under 28 U.S.C. Section 1332."[16] Specifically, Plaintiffs argue that, "[D]efendant has not satisfied its [sic] initial burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000."[17] Plaintiffs assert that their "investigation" into damages "is ongoing and has not yet been completed."[18] Plaintiffs argue that because they "are unable, presently, to show the exact amount of damages sustained, [D]efendant is also not in a position to do so at this time."[19] Plaintiffs continue that "Defendant simply concludes and speculates for purposes of removal that [P]laintiffs' damages can exceed $75,000 without presenting any information or evidence that establishes the actual amount in

---

[13] Rec. Doc. 10.

[14] Rec. Doc. 14.

[15] *Id.* at 1–2.

[16] *Id.* at 2.

[17] Rec. Doc. 10-1 at 3.

[18] *Id.* at 4.

[19] *Id.*

controversy, or that supports [D]efendant's conclusion."[20] Accordingly, Plaintiffs conclude that, "[a]s [D]efendant has failed to satisfy its initial burden of establishing the amount in controversy, . . . . this suit must be remanded to the state court."[21]

**B. Defendants' Opposition to Motion to Remand**

In their opposition to Plaintiffs' motion to remand, Defendants argue that, "[t]he evidence, including the allegations and claimed injuries of the Plaintiffs, as well as the sworn deposition testimony of the Plaintiffs, clearly establishes that the amount in controversy exceeds $75,000 which Defendant adequately pleads in his Notice[ ] of Removal."[22] Alternatively, Defendants argue that "any challenges to Defendant's pleading relating to the amount in controversy is [sic] procedural and, as such, has [sic] been waived due to failure of Plaintiff to timely raise any such a [sic] challenge."[23]

Specifically, Defendants argue that "[i]t is clear from the depositions of the Plaintiffs, as well as the claimed injuries and allegation in this case, coupled with the fact that Defendant properly alleged that the amount exceeds $75,000 in this Notice of Removal filed in *state court*, and the fact that Defendant alleged diversity jurisdiction under 28 U.S.C. § 1332, that the amount in controversy requirement is satisfied."[24] Defendants note that "Plaintiffs independently clarified in their sworn deposition testimony, taken on November 12, 2013, that the amount in controversy exceeds

---

[20] *Id.*

[21] *Id.*

[22] *Id.* at 1.

[23] *Id.*

[24] *Id.* at 2 (emphasis added).

4

$75,000."[25] Moreover, Defendants note that "[t]his contention that [Plaintiff Aguilar's] damages exceed $75,000 is further supported by the objective medical evidence and Plaintiff's medical bills in the total amount of $11,144.00."[26] Regarding Plaintiff Nguyen, Defendants assert that "[t]his contention that his damages exceed $75,000 is further supported by the objective medical evidence and Plaintiff's medical bills in the total amount of $12,466.00."[27]

Furthermore, Defendants argue that "when Defendant pled 28 U.S.C. 1332 in its [sic] Notice of Removal, he incorporated the statute, which alleges the controversy exceeds the sum or value of $75,000."[28] Defendants also argue that failing to plead the amount in controversy "is clearly procedural, making any objections to that failure to plead in Plaintiffs' Motion to Remand untimely."[29] Elaborating on this, Defendants point to 28 U.S.C. § 1447, under which, according to Defendants, any "defect with respect to a Notice of Removal aside from subject matter jurisdiction must be made within 30 days of filing the notice of removal."[30] Moreover, Defendants state that "the amount in controversy requirement is satisfied because Plaintiffs' damages as alleged clearly exceed $75,000; accordingly, this Honorable Court has subject matter jurisdiction."[31] Thus, Defendants conclude that "any argument that Defendant has failed to adequately *allege* the amount in controversy is clearly procedural and has been waived."[32] Defendants cite to Fifth Circuit precedent

---

[25] *Id.*

[26] *Id.* at 3.

[27] *Id.* at 4.

[28] *Id.* at 5.

[29] *Id.* at 7.

[30] *Id.*

[31] *Id.*

[32] *Id.* (emphasis in original).

5

for this proposition although those cases involved situations in which the defendants did not properly plead diversity of citizenship.[33]

### III. Law and Analysis

**A.    Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.[34] The removing party bears the burden of demonstrating that federal jurisdiction exists.[35] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[36] If any doubt remains as to jurisdiction, the Court should construe ambiguities against removal and remand the case.[37] Pursuant to 28 U.S.C. § 1447, "[a] motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal."[38] As a "party may neither consent to nor waive federal subject matter jurisdiction,"[39] it follows that "the right to secure a remand in the absence of federal jurisdictional

---

[33] *Id.* at 9–10.

[34] *See* 28 U.S.C. § 1441(a).

[35] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[36] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[37] *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 868, 872 ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979) ("[I]t is axiomatic that ambiguities are generally construed against removal. . . .").

[38] 28 U.S.C. § 1447(c) (emphasis added).

[39] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

subject matter cannot be waived."[40] When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[41]

### B.     Only the Amount in Controversy is at Issue Here

Under precedent articulated by the United States Court of Appeals for the Fifth Circuit, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[42] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[43] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[44] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."

Nevertheless, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[45] A plaintiff is, however, permitted to make "a general allegation that the claim exceeds or is less than" a particular amount if making such an allegation is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages.[46] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to

---

[40] *Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660, 662 (7th Cir. 1976) (citing 14 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3739 (2d. ed. 1976)); *see also McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329 (5th Cir. 2004) (remanding case to state court after plaintiff objected to subject matter jurisdiction for first time on appeal).

[41] *Manguno*, 276 F.3d at 723.

[42] *See Allen*, 63 F.3d at 1335.

[43] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[44] *Id.*

[45] *See* La. Code Civ. P. art. 893.

[46] *Id.*

prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[47] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[48] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[49] The jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[50] Thus, "[w]hile post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal."[51]

## C.  Analysis

In their memorandum in opposition to Plaintiffs' motion to remand, Defendants explain that through the depositions of Plaintiffs, it is clear that the amount in controversy exceeds $75,000. Defendants also note that Plaintiffs' objections to removal have been waived because Plaintiffs failed to timely raise their objections, which if procedural, must be filed within 30 days after the

---

[47] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[48] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[49] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[50] *Allen*, 63 F.3d at 1335.

[51] *Gebbia*, 233 F.3d at 883.

filing of the notice of removal.[52]

The depositions Defendants point to were taken on November 12, 2013. This was five months after Jones removed this matter to federal court.[53] Under Fifth Circuit law, "the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[54] The fact that Defendants claim to be made aware through the depositions taken on November 12, 2013, that Plaintiffs' claims were in excess of $75,000 is of no moment if Defendants, as here, put forth no evidence as to the amount in controversy on June 4, 2013, the date of removal.

While Defendants also point to medical records that place Plaintiff Aguilar's medical expenses at $11,144.00 and Plaintiff Nguyen's medical expenses at $12,466.00 at the time of removal in their memorandum in opposition, Defendants do not furnish additional evidence to prove that it is more likely than not that the claims for each Plaintiff individually exceeded $75,000 at the time of removal.[55] Thus, the medical expenses alone are insufficient to establish the requisite jurisdictional threshold for this Court to have jurisdiction over the matter.

In addition, Defendants argue that any procedural challenges to removal have been waived. However, Plaintiffs are not raising a procedural objection to removal. Plaintiffs are not merely arguing that Defendant's notice of removal was procedurally defective because Defendant failed to assert in it that the amount in controversy exceeds $75,000; Plaintiffs are arguing that, because

---

[52] 28 U.S.C. § 1447.

[53] Rec. Doc. 14 at 2.

[54] *Allen*, 63 F.3d at 1335.

[55] *See, e.g.*, *Allen*, 63 F.3d at 1330 (5th Cir. 1995) ("The general rule is that each plaintiff . . . must allege damages that meet the dollar requirement of § 1332.").

Defendant did not state in the notice of removal an amount in controversy, nor have Defendants presented any evidence to show what the amount in controversy is, this Court lacks subject matter jurisdiction.[56] Thus, the 30 day window in which to file procedural objections to a notice of removal pursuant to 28 U.S.C. § 1447 does not apply here because Plaintiffs object to subject matter jurisdiction, a challenge that is not subject to § 1447's time limit and, in any case, not waivable.[57] As Supreme Court and Fifth Circuit precedent hold, a party's objection to subject matter jurisdiction can be brought at any time, even after trial.[58]

Moreover, even if Defendants were correct that Plaintiffs have waived their right to challenge the removal of the case, this Court would still be obligated to examine subject matter jurisdiction independently.[59] As discussed above, the evidence brought forth by Defendants is insufficient to prove by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. Defendants provide the Court with no evidence other than medical bills in the amount of $11,144.00 and $12,466.00 for Plaintiff Aguilar and Plaintiff Nguyen respectively.

---

[56] *See, e.g.,* Rec. Doc. 10 at 1–2 ("[T]his Honorable Court lacks subject matter jurisdiction under 28 U.S.C. Section 1332" because "[D]efendant has not satisfied its [sic] initial burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000.").

[57] 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal.") (emphasis added); *see also* 14 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3739 (4th ed. 2008) ("No party can waive the objection of lack of federal subject-matter jurisdiction.").

[58] *Clinton v. City of New York*, 524 U.S. 417, 428 (1998) (allowing jurisdictional challenge to be raised for first time on appeal because a "jurisdictional question" "is not waived by the failure to raise it in the District Court"); *McKee*, 358 F.3d at 336–37.

[59] *Gasch v. Hartford Acc. & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)) ("[S]ubject matter delineations must be policed by the courts on their own initiative."). *See also Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 851 (1986) (noting that with regards to subject matter jurisdiction, "notions of consent and waiver cannot be dispositive because the limitations serve institutional interests that the parties cannot be expected to protect").

## IV. Conclusion

Federal courts are courts of limited jurisdiction, and thus "removal statute[s] should be strictly construed in favor of remand."[60] In this case, Defendants have the burden of proving that removal was proper.[61] Considering that Defendants have only pointed to approximately $11,000 and $12,000 in medical expenses for each Plaintiff and speculative categories of general damages,

**IT IS HEREBY ORDERED** that the above-captioned matter is remanded to state court.

**NEW ORLEANS, LOUISIANA**, this  2nd  day of June, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[60] *Manguno*, 276 F.3d at 723.

[61] *Id.*